BEN O. BARKLEY, PLAINTIFF IN ERROR, *v.* STATE OF TENNESSEE, DEFENDANT IN ERROR.*

(*Knoxville*, September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to definitions of words "wilful," and "wanton," see 20 R. C. L., 21; R. C. L. Perm. Supp., p. 4806; R. C. L. Pocket Part, title "Negligence," section 15.

Cox, Taylor & Epps, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The plaintiff in error has appealed from a conviction for reckless driving of an automobile.

Evidence of the State is that Barkley was driving in the nighttime, on a main-traveled highway, of concrete surface, with the center line plainly marked; that he did not keep his automobile on the right of this center line, but drove from side to side, and had the left wheels of his automobile on the left of the center line as he approached the crest of a hill, so that an approaching automobile, suddenly appearing over the crest, had not sufficient room to pass, and a collision resulted, injuring persons and property.

The testimony of the plaintiff in error is to the effect that he was driving with the left wheels of his automobile near the center, but on the right of the center line; that he was in the act of changing gears from high to second gear when the approaching car appeared, the lights of which blinded him. Three other men were riding with Barkley, and a general conversation was in progress. All of them testified, but were obviously unable to say how near the center line of the roadway plaintiff in error was driving. The most significant phase of their testimony is that they were not aware or conscious of any recklessness in the manner of the driving, or that an accident was imminent until the moment of the collision. The speed of the automobile was less than twenty miles per hour. The Attorney-General admitted that the plaintiff in error is a man of good character.

Error is assigned to the following instruction, given by the trial judge to the jury:

"In other words, Gentlemen of the Jury, the Court instructs you that a person is required to run a car or other vehicle, on any of the public highways or streets of this State, in the exercise of due care and caution, under all the facts and circumstances existing. In other words, to run it with that care which a reasonable, prudent, cautious person would run it under all the facts and circumstances in the case, and existing at that point. Any one who runs a car in the manner a reasonable, prudent, cautious person would run it, he would not be in violation of any law, but one who did not run it as a reasonable, prudent, cautious person would run it, would be in violation of the law."

The indictment on which Barkley was convicted employs the language of the statute creating the offense,

Acts 1931, chapter 82, section 1, which is a reenactment of the Code, section 2681. This statutory definition of the offense charged is:

"It shall be unlawful for any person to drive any vehicle upon any road, street or highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, and without due caution and circumspection at a speed and in a manner so as to endanger or be likely to endanger any person or property."

We find some difficulty in arriving at a proper construction of this section of the Code. Giving some regard to the punctuation, however, we conclude that two offenses are defined and created. First, the careless and heedless driving of a vehicle in wilful or wanton disregard of the rights or safety of others. Second, the driving of a vehicle without due caution and circumspection at a speed and in a manner so as to endanger or be likely to endanger any person or property.

Excessive and dangerous speed is particularly dealt with in the second section of the statute cited, the first sentence of which provides that "no person shall drive a motor vehicle upon any road, street or highway of Tennessee at such a speed as to endanger the lives or property of others." Violation of this inhibition is made a misdemeanor by section 16 of the statute (Acts 1931, chapter 82). If therefore the offense charged is excessive speed, endangering life or property, the elements of wilfulness or wantonness are not made essential to conviction, but the test is, in the language of the statute, whether the driver used "due caution and circumspection." In such a case, the test imposed in the excerpt from the charge assigned as error, whether the accused drove his automobile at a rate of speed at which a rea-

sonably prudent and cautious person would have driven it in the same situation and circumstances, would seem to be a proper instruction.

In the case before us speed was not indicated as a contributing element of the recklessness charged. The case was put to the jury on the theory that the plaintiff in error "carelessly or wilfully" drove from side to side of the road and across the center line and struck the approaching car, etc.

In such a case a conviction was proper, under section 1 of the statute, Code, section 2681, only if the plaintiff in error was driving "carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others." Obviously something more than mere negligence would be necessary to satisfy this definition of the offense, and proof that the plaintiff in error did not drive as a reasonably prudent and cautious man would not necessarily convict him of driving in wilful or wanton disregard of the rights and safety of others.

"'Wilfully' means intentionally; that is, that the person doing the act intended at the time to perform that act." *State* v. *Smith*, 119 Tenn., 521, 525. "To constitute wilful injury there must be designed, purpose, and intent to do wrong and inflict the injury; while to constitute wanton negligence, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury." 20 Ruling Case Law 21 (Negligence, section 15).

We hold therefore that the instruction herein quoted did not correctly measure the responsibility of the plain-

tiff in error to the State in this penal action, and that the assignment of error must be sustained. The judgment will therefore be reversed, and the case remanded for a new trial.