## DAVID ZIMMERMAN v. STATE.

No. A-10218. Sept. 29, 1943.
(141 P. 2d 809.)

Geo. T. Arnett, of Idabel, I. O. Correll, of Atoka, and Hayden C. Covington, of Brooklyn, N. Y., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, David Zimmerman, and his brother, Frank Zimmerman, were jointly charged by information filed in the county court of McCurtain county with the crime of grossly disturbing the public peace. At the close of the state's evidence the court sustained a motion for an instructed verdict of not guilty as to Frank Zimmerman. Upon submission of the case to the jury, as to defendant David Zimmerman, he was found guilty and sentenced to serve 30 days in the county jail and to pay a fine of $100.

An elaborate brief has been filed on behalf of defendant setting up several assignments of error and exhausting the authorities upon the issues involved. No brief has been filed upon behalf of the state and no attempt made to sustain the conviction. Although several propositions of law are presented in defendant's brief, it is only necessary in the disposition of this case to consider the contention that the evidence is wholly insufficient to support the verdict of guilty.

The conviction rests entirely upon the testimony of one witness. Mrs. Olive, supervisor of the NYA project in Idabel, testified that on Sunday, June 12, 1941, she was living next door to the NYA home. That one of her children notified her that there were some Jehovah's Witnesses in the NYA home and that she went into the NYA house to investigate. That the defendant and another man were there with the other man playing a phonograph. That she told them they could not play it there, as it was a government project. That neither man made a move to leave; that she then said, "Men are not supposed to come in this way," and the man playing the phonograph stated if they had known this, they would not have come in, and he stopped the record. That defendant then asked to leave some literature and she told them that it could not be left in the home. That the men left. That the NYA home is a private home where about 25 girls between the age of 17 and 24 were living. That she was the supervisor and worked with other ladies at the home teaching the girls how to do certain things that are beneficial. That the project is supported by the United States Government. That she understood that Vannie May Fennell, one of the girls on the project, had opened the door when the men knocked and allowed them to enter. That there were just three girls in the room where the men were

playing the phonograph. When asked to detail what was said by the defendant in her presence the witness answered:

"A. He did not say a word. He just looked at me. He did not make any move to go, until he started, then he asked me if the girls can read. Q. Did he have literature with him? A. He did. He had quite a bundle. Q. And he asked your permission to give the girls who were working there some of this literature? A. He asked me if they could read. I said yes. Then he asked me if he could give them some of this literature. 'No,' I said, 'They could not on the project. They could take it home but not on the project.'"

When the witness was asked by the prosecutor whether the acts of defendant disturbed her, she replied:

"It disturbed me afterwards, it excited me, because I did not think we would be allowed to have that kind of music or records in the home."

This prosecution is instituted charging a violation of 21 O. S. 1941 § 22, which provides:

"Every person who wilfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, and is injurious to public morals, although no punishment is expressly prescribed therefor by this Code, is guilty of a misdemeanor."

It is not a prosecution under what is ordinarily termed the breach of peace statutes (21 O. S. 1941 §§ 1362 and 1363) which are triable before a justice of the peace.

The punishment under the statute upon which the information herein is based is by imprisonment in the county jail not exceeding one year, or by a fine not ex-

ceeding $500 or by both such fine and imprisonment. 21 O. S. 1941 § 10.

Before a conviction may be upheld herein the acts complained of must be such as "grossly disturbs the public peace." The trial court correctly instructed the jury that if a person entered a private home and committed acts which disturbed the occupants that he would be guilty of a breach of the peace, but would not be guilty under the statute herein charged, but that before he would be guilty under the statute herein charged, it should be a public place, that is, "a place where the public generally are permitted to assemble."

Although this instruction is a correct statement of the law, the error of the court arose from the fact that there are no facts in the record which justify submission of this case to the jury. In the first place, the testimony of the complainant shows that the house in which the defendant and his companion had entered was a private home where several girls lived with their teachers. It was not a public place and people were not allowed in the home except upon invitation by one of the occupants. Furthermore, the acts complained of were not such as grossly disturbs the public. There was no testimony from any witness that the acts of defendant were provocative or that he spoke in any way except in an ordinary tone of voice. There was no noise or disorder. The supervisor was more disturbed over the fact that Jehovah's Witnesses had been allowed in the home than she was over any particular act of the defendant. The companion of defendant who was playing the phonograph record was a resident of McCurtain county and was not charged with any crime, although he was the person who carried the phonograph and started the music.

If the conduct of defendant had been disorderly, or if he had used reprehensible language directed at the supervisor, he would have been guilty of a breach of the peace as defined by 21 O. S. 1941 § 1363, supra, but in such case, since the acts were in a private home and were not disturbing the public generally, he could not be prosecuted under the statute upon which this prosecution is based.

The defendant was held in jail for seven days before any charges were filed. There is no justification for such action. Although the members of this sect at times do things which are extremely irritating to those who do not share their religious beliefs, and their visits to private homes are sometimes most untimely and unwelcome, it is absolutely contrary to all principles of right and justice to arrest a person for such alleged misconduct and hold him in jail for seven days without filing any charges and without affording him an opportunity to make bond.

The language used by Judge Barefoot in Miller v. State, 75 Okla. Cr. 428, 133 P. 2d 223, 230, in disposing of a charge of breach of the peace against a member of this same sect, applies with equal force to this case, wherein he stated:

"This defendant may be wrong * * * in the principles for which he stands, and his manner of strict construction of certain verses of the Bible, but the principles which are applied by the dictator nations of the world should not be applied here."

From what has been said, it is clear that there is not sufficient evidence in the record to sustain the conviction and for that reason the judgment of the county court of McCurtain county is reversed and remanded with instructions to discharge the defendant.

BAREFOOT, J., concurs. DOYLE J., absent.