DESKIN v. STATE.

No. A-11281. March 28, 1951.

Rehearing Denied May 16, 1951.

(230 P. 2d 939.)

Walter Hubbell, Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Pattie Belle Deskin, was charged in the county court of Stephens county with being drunk in a public place; was tried; convicted; and sentenced to pay a fine of ten (10) dollars and has appealed.

We have given this case painstaking and careful consideration, which, although only involving a small fine for a misdemeanor, convicts a middle aged woman who had never been arrested for any offense in her life and who according to the testimony of many officials and citizens who had known her for a large number of years in the county where she resided was a person of exemplary character.

The accused, an unmarried woman, was arrested about 1:00 a.m., on the highway in an adjoining county to her home by certain highway patrolmen who saw a car weaving across the road. The male companion of the accused was intoxicated. Three highway patrolmen testified that the defendant was intoxicated and both she and her companion were taken to Duncan and lodged in the county jail. The defendant denied that she was intoxicated and stated that after she had closed the cafe which she and her brother operated in Walters in Cotton county, her male companion had offered to drive her to Comanche to bring back a girl friend of defendant's to Walters. She testified that after they started driving on the highway she noticed that the driver had been drinking and urged him to return her to her home in Walters, but that he remonstrated that he could drive all right and continued driving down the road until they were stopped by the highway patrolmen. She stated that she got out of the patrol car unassisted and walked up four flights of stairs in the courthouse unassisted. She admitted that she had drunk two bottles of beer when she ate her supper a few hours earlier in the evening. The defendant's brother who owned the cafe, which was operated by him and the defendant, testified that she left the cafe at 12:35 a. m. and at that time she was sober.

Many of the neighbors from Walters, including the chief of police, the under-sheriff, the county assessor, and other people who had known the defendant all of her life, testified that her reputation for being a sober, industrious, law-abiding citizen was good.

This court has consistently adhered to the rule that where there is a conflict of evidence and the jury, who has the opportunity of seeing the witnesses and hearing them, determines the issue of guilt or innocence of the accused, the finding of the jury will be sustained on appeal. In this case three highway patrolmen testified the defendant was drunk and based their conclusion on the fact that they could smell intoxicants on her breath and that she staggered when she first got out of the car when she was being transferred from one car to another. One of the patrolmen went so far as to say she was not exceedingly intoxicated but that she was under the influence of liquor to the extent that it affected her senses. Under all the facts and circumstances we cannot say that the verdict was wholly unsupported by the evidence.

Complaint is also made that the court erred in requiring the defendant to proceed first in qualifying the jury. The rules of procedure pertaining to the

formation of a trial jury and the manner of taking challenges is set forth under Title 22 O. S. 1941 §§ 591 to 693. There does not seem to be any express provision in these statutes pertaining to the manner of voir dire examination, but by custom and practice in Oklahoma, ordinarily the prosecution first examines the jurors and then the defendant. 22 O. S. 1941 § 693 is the statute governing peremptory challenges and it specifically provides that first the state and then defendant may take a peremptory challenge. Counsel for defendant has cited no statute nor decision in support of this proposition and makes no contention that he was unable to secure a fair and impartial jury because of the manner in which the jury was examined as to their qualifications.

In Roddy v. State, 47 Okla. Cr. 283, 287 P. 765, this court held:

"The statute of this state providing for the impaneling of jurors in criminal cases is not in all particulars mandatory; a substantial compliance will be sufficient where the deviation is not material and has not prevented the accused from having an impartial jury selected by lot from the entire panel."

It is contended that the information was defective in that it failed to describe completely a public place in Stephens county where the drunkenness of defendant allegedly occurred. The information alleges that defendant "did then and there willfully, unlawfully, and wrongfully become drunk and intoxicated and did remain in a drunken and intoxicated condition in a public place, to wit: six miles west of Comanche, Oklahoma, etc." The better practice would have been to have described whether the public place was a highway, a store, school, etc., but this failure does not make the information fatally defective. The information sufficiently defined the offense so as to enable the defendant to know with what she was charged so that she could prepare her defense and plead the conviction or acquittal as a bar to a subsequent prosecution for the same offense.

Of course, the attitude of people in general towards the amount of liquor that it takes to intoxicate a person will vary and also as to what facts indicate intoxication on the part of an individual who has consumed the beverage. It may be as contended by defendant that the patrolmen because of the evident complete intoxication of the defendant's companion presume to form their opinion of her intoxication because of his drunkenness. She certainly was not intoxicated in accordance with the prevailing view in some communities wherein it is said:

"Not drunk is he who from the floor can rise again and drink once more, but drunk is he who prostrate lies and can neither drink nor rise."

If we should apply the latter test, then we would be forced to hold that the judgment of the jury was not supported by the evidence, but as yet this widespread and popular saying pertaining to drunkenness has not been officially adopted as the law in Oklahoma.

We agree with counsel for defendant that if defendant had been charged in her home county of Cotton she probably would not have been convicted. However, the moral to that story is that if you intend to drink intoxicants you should stay at home or at least stay in your home county.

Judgment is affirmed.

BRETT, P. J., and POWELL, J., concur.