## HOOVER v. STATE.

No. A-11352. July 3, 1951.

(233 P. 2d 327.)

W. E. Green, J. C. Farmer, Robert J. Woolsey, Otho Flippo, and Jack B. Bailey, Tulsa, for defendant in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, J. Elzie H. Hoover was charged in the court of common pleas of Tulsa county with the offense of reckless driving, a jury found him guilty and assessed his punishment at ten days in the county jail, and a fine of $25, and he has appealed.

The charging part of the information reads as follows:

"* * * that on the 8th day of August, 1949, and prior to the filing of this information in Tulsa County, State of Oklahoma, Elzie H. Hoover in said County and within the jurisdiction of this Court, did wilfully, and wrongfully drive and operate an automobile vehicle in a careless and reckless manner and without due care for the safety of the people or their property and in such manner as to endanger the life and limbs and property of other persons and the safety of their property and did drive said automobile to-wit: a 1949 International Truck bearing 1949 Oklahoma License No. 344T216 and 1949 Kansas License No. T1-7046 upon State Highway # 11 at a point 5.4 miles north of Tulsa, Oklahoma, in the following manner, to-wit: By passing another vehicle in the face of oncoming traffic, turning to the left and striking said oncoming vehicle on the left shoulder of the highway, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

The accident occurred about 6:30 in the morning. The defendant, who was driving a meat truck for the M & N Packing Company, Arkansas City, Kansas, was driving south on the highway. He was driving between 45 and 50 miles per hour, and came up to a slow-moving car. He testified that there were two cars, and they pulled from the shoulder onto the highway just before he got to them. None of the state's witnesses noticed but one car, except witness Statwell, who thought there were two cars, and the state's witnesses thought the one car was on the highway at all times, but moving at from 15 to 20 miles per hour. The defendant started to pass this car, saw a pickup truck approaching from the south and that he did not have room to pass. He started to pull back into his line of traffic, but saw he would strike the slow-moving car, then "shot" across the highway at a 45 degree angle, and the Ford pickup going north also went off the pavement, and struck defendant's truck about the fender, near the front wheels and turned it over. After the collision defendant's truck was entirely off the pavement, headed east, and the pickup was turned completely around, headed back south.

There were six men in the pickup, and they were on their way to Blackwell, to work. Mayburn Rogers was the owner and driver of the 1942 Ford pickup. He testified that both trucks were going from 40 to 45 miles per hour, and the car in front of defendant was "practically creeping, 20 or 25 miles per hour." This witness testified that he had some teeth knocked loose, 17 stitches taken in his head, and had a suit pending against defendant and his employer for $17,500, and was interested in seeing the defendant convicted.

Perry Nourse testified about as Mr. Rogers. He was riding in the front seat of the pickup between the driver and Jerome Jenkins. His right foot was sprained and two ribs pulled loose. He had not worked since the accident, and planned to sue defendant and his company, and wanted to see defendant convicted.

Jerome Jenkins was also riding in the front seat of the pickup, had a $2,750 suit pending, and had not worked since the accident. He corroborated Mr. Rogers and Mr. Nourse.

Robert L. Statwell, a farmer, saw the collision. He testified that the car on the highway was traveling about 15 or 20 miles an hour, and he thought there

were two cars, thus supporting the contention of defendant. The truck was going about 40 miles per hour, and he was first attracted by the truck slowing down.

Paul Weatherby was the highway patrolman who made the investigation. He testified that the highway was 24 feet wide, with 14-foot grass shoulders in excellent condition; to the position of the cars when he arrived, about 7 o'clock.

This completed the state's evidence. The defendant testified, and had no other witness. He testified there were two cars on the shoulder in front of him, moving at about ten miles per hour, and he saw the pickup, which was coming at between 50 and 60 miles. He had slowed down to about 15 miles per hour, and stated that the two cars moved from the shoulder of the road onto the highway, and that he started to go around one or both of the cars, but decided that he had better fall back, attempted to do so, but the rear car was going so slowly that he saw he would not be able to get over, and then attempted to get entirely off the highway on the east, but the witness Rogers, who was driving the pickup coming from the south, also took to the shoulder and hit defendant's truck, and turned it over. He claimed the pickup was a half mile away when he first attempted to go around one or both cars ahead of him.

Counsel argues that the accident was unavoidable, or that at most indicates only an error in judgment.

The information was filed under the provisions of 47 O. S. 1941 § 92, (now repealed) providing as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. Provided, no motor bus or other motor vehicle transporting passengers for hire shall be driven upon any public highway of this state at a rate of speed in excess of forty-five (45) miles per hour.

"Any person violating the provisions of this section shall be guilty of a misdemeanor and shall, upon conviction, be fined not less than ten dollars ($10.00) and not more than one Hundred dollars ($100.00), or imprisoned in the county jail for not less than ten (10) days nor more than (30) days, or by both such fine and imprisonment. Provided, that it shall be unlawful for any arresting officer to participate in or receive any portion of the fines or fees collected from any persons under this section."

Defendant argues that:

"To sustain conviction for reckless driving of a motor vehicle, evidence must show more than mere error of judgment, or fact of an accident or collision but must establish beyond a reasonable doubt that defendant drove his car in a manner calculated to endanger the rights, lives or property of others, or which is without due caution or circumspection or which is at a careless, heedless or dangerous speed."

Counsel cite a Tennessee case, Barkley v. State, 165 Tenn. 309, 54 S. W. 2d 944, which we do not find to be in point, by reason of the difference between the Tennessee statute and the Oklahoma statute upon which the within charge was based.

Defendant also complains of instructions Nos. 3 and 4, given by the court. No exceptions were taken to the instructions, and no different instructions were

submitted. Instruction No. 3 is practically in the language of the statute heretofore quoted. Instruction No. 4 reads as follows:

"You are instructed that if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, in Tulsa County, Oklahoma, on the 8th day of August, 1949, or at any time within two years prior to the 8th day of August, 1949, drove a 1949 International Truck bearing 1949 Oklahoma license No. 344 T 216, and 1949 Kansas license No. 21-7046, automobile on the highway to-wit: Highway No. 11 at a point of 5.4 miles north of Tulsa, Oklahoma, at a speed greater than or less than, was reasonable and proper, having due regard to the traffic, surface and width of the highway and of all other conditions then existing, or drove such vehicle at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead, then you should find the defendant guilty.

"Should you fail to so find, or should you entertain a reasonable doubt thereof, then you should acquit the defendant.

"Should your verdict be guilty, it shall be your duty to fix and declare the punishment."

We have carefully read all the instructions given, and we conclude that the issues were fairly submitted to the jury. The undisputed evidence is that the defendant was unable to stop his truck back of the slow-moving passenger car or cars, or did not do so, but attempted to pass such car or cars in the face of the oncoming pickup truck. Defendant claims that the pickup was a half mile south when he attempted to go around the slow-moving car. The driver of the pickup testified that he was only 70 feet away when he first saw the defendant start to move around the passenger car. The defendant testified that in an attempt to avoid hitting the passenger car, which was loaded with three women and a man, and to avoid hitting the pickup he decided to take to the east shoulder and bar-pit, and had gotten his truck entirely off the slab except perhaps the right rear wheels of his truck which may have been on the edge of the slab, when the collision took place, and that the accident would have been avoided except that the driver of the pickup also took to the east shoulder of the highway.

The fact remains that defendant had not been able to or had not stopped in the clear distance ahead and that he was on the wrong side of the road when the collision took place. We conclude there was sufficient evidence, if believed by the jury, to show that defendant was driving his vehicle in violation of the statute in question by driving recklessly at the time of the accident.

In the case of Butler v. State, 87 Okla. Cr. 369, 198 P. 2d 221, we held:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

From a study of all the evidence we feel, however, that justice would best be served by remitting the ten day jail sentence of defendant; and the judgment, as so modified, is affirmed.

BRETT, P. J., and JONES, J., concur.