STATEHAM v. STATE.

No. A-11517. April 16, 1952.

(243 P. 2d 743.)

Jerome Sullivan, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, E. B. (Shorty) Stateham, was charged by an information filed in the county court of Stephens county with the crime of being drunk in a public place; was tried; convicted; and sentenced to serve a term of thirty days in jail and to pay a fine of fifty dollars; and has appealed.

It is contended the evidence was insufficient to support the conviction. Since this is a misdemeanor case we shall not burden the record with a detailed summary of the evidence. It is sufficient to say that two highway patrolmen testified that they arrested the defendant as he stepped out of a car on the highway near a filling station; the defendant was staggering, the odor of whiskey was on his breath, his speech was impaired, and he was unable to walk away from the car. Each patrolman said defendant was drunk. Defendant denied being drunk, but said that he was sick and that a neighbor had brought him home; that the place where he was arrested was at his own service station which he had operated for 26 years and was not on the public highway. Defendant admitted riding in an automobile on the public highway. This conflicting evidence presented an issue for determination by the jury.

It has been held that when a person is intoxicated while riding in an automobile on the public highway he is violating the statute of drunkenness, 37 O. S. 1951 § 8. Rothrock v. State, 89 Okla. Cr. 262, 206 P. 2d 1009; Deskin v. State, 94 Okla. Cr. 107, 230 P. 2d 939.

Defendant complains of instruction No. 6 which defined a public place, wherein it was stated:

"A 'Public Place' is any place which is open to general public, and upon use of which by the general public there is no limitation except that required in the interest of safety and good order."

This instruction was not erroneous. Lady v. State, 18 Okla. Cr. 59, 192 P. 699; Zimmerman v. State, 77 Okla. Cr. 374, 141 P. 2d 809.

We agree with the contention of counsel for defendant that the punishment assessed under the facts in this case was excessive. The evidence shows that the accused emerged from the car near his own place of business. Although we hold that the evidence was sufficient to show defendant was drunk in a public place, yet the evidence shows that he was not seen by any one at the place where he got out of the automobile except the two highway patrolmen and the person who drove the automobile from which defendant emerged. He did not curse or abuse the officers, nor resist arrest, nor commit any acts which entitled him to be given the severe punishment which was meted out to him. He was not driving the automobile.

We are unable to see any justification at all in the record for giving the accused the maximum jail sentence and fine. On the other hand, taking into consideration all of the costs that have accumulated, it is our opinion that justice would be served by reducing the judgment and sentence to a fine of $25.

It is, therefore, ordered that the judgment and sentence of the county court of Stephens county be modified from a sentence of thirty days in the county jail and a fine of $50 to a fine of $25, and the judgment and sentence as thus modified is affirmed.

BRETT, P. J., and POWELL, J., concur.