Charles ALLEN, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A-12251.

Criminal Court of Appeals of Oklahoma.

Feb. 15, 1956.

**314**

Elam & Crowley, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

Charles Allen, an 18 year old youth living at Enid was charged by an information filed in the County Court of Garfield County along with 4 other named youths with allegedly committing the offense of grossly disturbing the public peace as defined by 21 O.S.1951 § 22, was tried, found guilty by verdict of the jury who recommended that a $25 fine be assessed and that said fine be suspended. The trial court assessed a fine of $25, but refused to suspend the execution of such sentence in accordance with the recommendation of the jury.

Many assignments of error are presented on appeal. We shall only consider one of them as the consideration of the others would, if sustained in accordance with the contention of the appellant, result in sending the case back for a new trial. However, the contention that the evidence was insufficient to sustain the conviction will effectively dispose of this prosecution as to Charles Allen.

Although only a small fine is involved, 3 days were consumed in the trial of the case and a voluminous record has been filed with the appeal.

We have carefully read every word of the record. It is unnecessary to summarize it. It is sufficient to state that there was no evidence that was sufficient to show a violation of the statute under which the prosecution was brought. A far more serious disturbance is required for a conviction under 21 O.S.1951 § 22 under which the prosecution was brought than under the breach of peace statutes, 21 O.S.1951 §§ 1362, 1363. Prosecutions under the breach of peace statutes are strictly justice of the peace cases and the maximum punishment that could have been assessed under them would have been 30 days in the county jail or a fine of $100 or both such fine and imprisonment, while in the prosecution under which the information herein was filed, the accused upon conviction could have been punished by imprisonment in the county jail for not exceeding one year or by a fine not exceeding $500 or by both such fine and imprisonment. 21 O.S.1951 § 10.

In Zimmerman v. State, 77 Okl.Cr. 374, 141 P.2d 809, 810, this court held:

"In prosecution for grossly disturbing the public peace, 21 O.S.1941 § 22,

the acts relied upon to prove the commission of a crime must be public in character and such as actually tend to disturb the public peace and quiet.

"Where accused is prosecuted under statute, 21 O.S.1941 § 22, for grossly disturbing the public peace, it is not sufficient to show that he only committed acts which would be a breach of the peace under 21 O.S.1941 §§ 1362 or 1363."

█ The accused was charged with having gone to the town of Waukomis where a basketball tournament was in progress. There was about 50 men and boys in the lobby of the building outside of the gymnasium where the basketball game was in progress. According to the witnesses, there were boys from Enid, Drummond and Waukomis in the lobby including the accused. A night watchman from Waukomis and a deputy sheriff from Enid were present at the tournament to preserve order. A firecracker was exploded by a boy from Waukomis and this youth was removed from the building. Later another Waukomis boy by the name of Cannon discharged another firecracker and he was removed from the building by the night watchman. There was no evidence of any quarrels, threats, profane language or anything else on the part of any of the men or boys milling around in the lobby. After the second firecracker was exploded, the night watchman and two helpers pushed and shoved all of the men and boys who were in the lobby to the outside of the building. The defendant was one of those removed. He made no protest nor any statement while he was being removed but the night watchman said he was "somewhat reluctant." The closest that the defendant came to saying or doing anything which would constitute a disturbance was when he went to the deputy sheriff after having been removed from the building along with the other boys and stated to the deputy sheriff (referring to the night watchman): "We ought to get

the dirty rat and bring him out here, he hasn't any right to do that." This statement was not spoken to the night watchman who ejected them from the building and it did not have the effect of disturbing the peace of the officer to whom it was directed. The officer's apparent reaction to the remark was that he thought it was just one of the boys who had been removed from the building "letting off a little steam" and he was not unduly concerned about it but suggested to the defendant and the others that if they did not wish to go inside and see the basketball game, that they should go on home, which suggestion was followed and defendant immediately went to his automobile and left.

It would appear that this action was instituted principally because there was some bitterness between a group of boys from Drummond and a group from Enid which the school authorities at Waukomis thought might erupt into a battle royal. It may have been that if the officers had not been present to disperse the milling crowd that a serious disturbance might have occurred, but their presence prevented any disturbance amounting to a violation of the statute under which the prosecution was brought. The trial court recognized the weakness of the State's case because he stated at the time he overruled the motion of the defendant for an instructed verdict as follows:

"Gentlemen, I think this case is very, very important from the standpoint of the publicity that has been given and the nature of the case. This young man here is charged with a misdemeanor, a crime in our County, and I am extremely doubtful about it. I might say here, out of the presence of the Jury, that the evidence is weak enough, to say the least."

The judgment and sentence of the County Court of Garfield County is reversed and the cause is ordered to be dismissed.

BRETT and POWELL, JJ., concur.