STATE of North Dakota, Plaintiff and
Respondent,

v.

Duane LAUFENBERG, Garry Halladay,
Donald Heintzman, Richard Lewis, Rich-
ard Stenberg, Robert Swenson and Dale
Gardner, Defendants and Appellants.

Cr. 286.

Supreme Court of North Dakota.

Nov. 17, 1959.

Lanier, Lanier & Knox and Burnett,
Bergesen, Whittlesey, Shermoen & Pan-
cratz, Fargo, for appellants.

Lyle Huseby, State's Atty., Fargo, for re-
spondent.

BURKE, Judge.

These seven appellants were convicted
in the County Court of Cass County of the

crime of grossly disturbing the public peace. A motion for a new trial, made by defendants, was denied by the trial court. Defendants have appealed from the order denying a new trial and from the judgment of conviction. They predicate error upon the trial court's refusal to grant a motion to dismiss the action, made at the close of the state's case and upon specifications of error in the admission of testimony and in the instructions to the jury. The motion to dismiss was made upon the ground that there was no evidence in the record that the public peace had been disturbed.

The testimony disclosed that a group of Fargo boys and a group of boys from Dilworth, Minnesota, all of teenage, had engaged in a physical combat on an otherwise deserted street in the business section of Fargo at 12:00 o'clock midnight. The testimony is that the altercation lasted from one to three minutes. There is evidence that some weapons, an iron pipe, an open end wrench and a flash light, were in possession of the Dilworth boys. There is also evidence that the defendant, Laufenberg, was struck by one of these weapons and that he suffered minor cuts about the back of his head.

When the Fargo boys returned to their car after the fight, they decided that Laufenberg's cuts might need treatment so they drove to St. John's Hospital. Upon hearing the boys' account of what had happened, someone at the hospital called the police. When the police arrived, they made inquiries about the altercation, asked the boys if they wanted to file a complaint and upon being advised that no complaint would be filed, left. It also developed that Laufenberg's cuts were superficial and needed no stitching or bandaging.

Later the same night the Laufenberg boy decided that he did want to file a complaint and, together with his companions, went to the police station. There he stated that the Lewis boy had struck him with a weapon. Upon hearing the Fargo boys' story the police, by radio, asked the Dilworth police to pick up the Lewis boy and his companions and bring them in for interrogation. When they arrived they denied the use of weapons and said that the Fargo boys must have had weapons. The boys were then advised that the filing of charges and counter charges would be useless. They were given a lecture on the evils of fighting and dismissed. Thereafter the state's attorney of Cass County filed an information in the County Court of Cass County charging the boys with grossly disturbing the public peace.

It is conceded by all that an offense of assault and battery was committed. Defendants assert, however, that the offense was committed in such circumstances that the public peace was not disturbed at all, much less grossly disturbed. The altercation was of very short duration. It lasted from one to three minutes. While it was taking place no one, but the participants and their companions, was present or in view. As far as the record shows no one but the participants and their companions saw the fight or had any knowledge that it had taken place until the Fargo boys told their story at St. John's Hospital. The Fargo Police Department received no reports of the affair except from the boys themselves and there was no testimony offered at the trial except that of some of the boys and that of police officers who could only testify to admissions made by the boys.

 Defendants were charged under Section 12–1901 NDRC 1943. This section reads:

> "Every person who willfully and wrongfully commits any act which grossly disturbs the public peace, although no punishment is expressly prescribed, is guilty of a misdemeanor."

This offense is a serious one as it is punishable by imprisonment in the county jail for not to exceed one year or by a fine not to exceed $500 or by both such fine and imprisonment. Section 12–0614 NDRC 1943.

It is a different and graver offense than ordinary breach of the peace. Allen v. State, Okl.Cr., 294 P.2d 313; Zimmerman v. State, 77 Okl.Cr. 374, 141 P.2d 809. Under the clear wording of the statute there must be proof that the public peace was actually and grossly disturbed in order to support a conviction of a person charged thereunder. It is not enough to prove an act from which a disturbance of the peace might reasonably flow. "By 'peace' as used in the law in this connection, is meant the tranquility enjoyed by citizens of a municipality or community where good order reigns among its members, which is the natural right of all persons in political society. It is, so to speak, that invisible sense of security which every man feels so necessary to his comfort, and for which all governments are instituted." Wharton Criminal Law and Procedure, 2, Sec. 802.

There is no proof in this record that the tranquility or the sense of security of any resident of the City of Fargo was disturbed by the incident which gave rise to this prosecution. As far as the record shows, no one but the participants was even aware of the incident while it was taking place. The evidence is insufficient to sustain the conviction. The judgment is reversed and the case ordered dismissed.

SATHRE, C. J., and MORRIS, J., concur.