Bryan W. STAUB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–74–444.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1974.

Mattoon, Griffith & Miller, Norman, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Jeannettee Haag, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Bryan W. Staub, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the crime of Assault and Battery Upon a Police Officer. The jury returned a verdict of guilty and assessed punishment at seven (7) days in the Cleveland County Jail and a fine of $500.00. From a judgment and sentence consistent with said verdict, the defendant has perfected his timely appeal.

The facts adduced at trial are as follows: Officers John J. Walsh, Jr. and Phillip Wilbanks were cruising in their patrol car on West Main Street in Norman, Cleveland County, Oklahoma, when at approximately 2:00 a. m. on the morning of the 16th day of December, 1973, they observed a vehicle stopped in the south lane of the main thoroughfare. They drove up behind the stopped vehicle, turned on their red overhead light and spot lights and both got out to render motorist assistance, Walsh approaching the vehicle on the passenger side and Wilbanks approaching on the driver's side. They observed three passengers in the car, a female seated behind the wheel and two males in the front seat with her. The defendant was seated on the passenger side next to the door. Walsh tapped on the passenger side window two or three times and noticed the middle passenger lean forward as if to place something under the seat. At the same time Wilbanks was tapping on the driver's side window. The defendant rolled down his window approximately 5 inches, but made no response to Walsh's inquiry concerning their need for assistance. Walsh then testified that after he got no response from the defendant, he asked him to step from the car. All three occupants of the car got out on the passenger side. As Wilbanks came around to the passenger side, he observed the middle passenger, Gary Robins, exiting the vehicle. When Robins started to stand up, he "sort of fell and had to hold against the car".

Wilbanks detected a strong odor which he associated with alcoholic beverage and noticed that Robins' speech was slurred. Wilbanks then placed Robins under arrest for public intoxication.

In the meantime and after all parties were outside of the vehicle, the defendant told Walsh that there was no problem and both he and the driver inquired as to what was wrong. The officers then led Robins back to the patrol car, asked him to place his hands on the car, frisked him and placed cuffs on his hands. They proceeded to place Robins in the patrol car when the defendant began yelling obscenities, placed his hand upon Wilbanks and stated that the officers were not taking Robins any place. Officer Walsh removed the defendant's hand from Wilbanks' arm and the defendant struck Walsh in the chest. A struggle then insued, a radio call was made for assistance and the defendant was subsequently subdued. During the struggle Robins was running around attempting to butt the officers with his head.

The defendant testified in his own behalf stating that he, Robins and the girl had been to a party that evening a short distance away from where the incident occurred. They left the party in Robins' car with Robins driving and the girl in the middle. They shortly decided that Gary had had too much to drink so they stopped and the girl and Robins switched places. At this time they noticed the police car behind them and the officers approaching. The officers began tapping on the windows and for a short period of time the occupants looked at each other not knowing what to do. The defendant then rolled down his window and the officer on his side asked them "Would you all get out". All three exited on the passenger side and the defendant, after realizing Robins was being cuffed, stated "What the hell are you doing to Gary?" The defendant was advised to "shut up", by an officer. The defendant then started to walk towards Robins and was pushed against the car and frisked. The defendant pushed the officer's hand away and the struggle insued.

Nancy Gibbs then testified that Robins and the defendant were taking her home from the party that evening and that she was originally the middle passenger. She thought Robins had had too much to drink and requested that they pull over and change drivers. She and Robins switched seats. She then saw the police lights and waited for the officers to approach. She testified that an officer told her to get out and that she got out on the passenger side since she didn't want the driver's door to be hit by traffic. She further stated that she asked on numerous occasions what they had done wrong and the officers did not respond. She then observed the defendant and an officer pushing each other and after the defendant was cuffed she fled the scene and ran back to where the party had been held.

The defense then called William Staub, defendant's father, who testified that the defendant, in his opinion, was not predisposed to have fights.

■ The defendant's first proposition in error urges that the trial court erred in not suppressing the officers' testimony as to the events that took place after the defendant and his companion were unlawfully restrained and deprived of their liberty by being required to get out of their vehicle. With this contention we do not agree. The officers were certainly justified in stopping to offer assistance to a vehicle stopped in a traffic lane of a main thoroughfare at 2:00 a. m. on a cold winter morning. After the occupants made no response, Officer Walsh was further justified in asking the occupants to get out of the car. It was only after Wilbanks observed Robins' intoxicated condition that Robins was arrested. The arrest of Robins under those conditions was not unlawful.

■ However, defendant urges that the three passengers were placed under arrest by the officers when they were asked to get out of the vehicle. We find that the

evidence does not warrant such a conclusion. The police did not stop the vehicle. It, in fact, was unlawfully stopped in a traffic lane. The sole and uncontroverted purpose of the officers was to render assistance to what they thought to be a stalled vehicle. The subsequent failure of the occupants to respond normally to the officers' efforts gave Walsh reasonable grounds to request that they get out of the vehicle. Such a simple request did not constitute an arrest. The officers were discharging a legitimate investigative function and exercising justifiable discretion for their own safety. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Defendant's first proposition is, therefore, without merit.

■ The defendant next contends that the trial court erred in not instructing the jury as to the defendant's theory of defense—a citizens right to resist an unlawful arrest with reasonable force. We agree that it is incumbent upon the trial court to instruct upon all material issues raised by the evidence. However, as stated above, the actions of the officers in the instant case did not constitute an unlawful arrest of any party. In Stateham v. State, 95 Okl.Cr. 232, 243 P.2d 743, this Court held that when a person is intoxicated while riding in a automobile on a public highway he is violating the statute on public drunkenness. Therefore, the arrest of Robins being lawful, the trial court properly refused the requested instruction as the defendant had no right to resist the arrest of Robins under any theory of the law.

From a reading of the record as a whole, it is the opinion of this Court that the verdict was supported by competent and sufficient evidence and that the sentence imposed was not excessive. The judgment and sentence appealed from is, therefore, affirmed.

BUSSEY, J., concurs.