## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

 v.

Chad Douglass Osterhoudt

January 25, 1990

Case No. (Criminal) 6620

## By JUDGE THOMAS D. HORNE

This matter came before the Court on an appeal from the General District Court. Mr. Osterhoudt is charged with the offense of being drunk in public, a violation of Virginia Code § 18.2-388. He entered a plea of not guilty to the charge.

On September 8, 1989, the defendant was arrested while on private property not his own and charged with the aforementioned offense. In order to sustain a conviction, the accused must be shown beyond a reasonable doubt to be both "drunk" and "in public." Drunkenness other than in public is not an offense under § 18.2-388.

Since this Code section contains no express statutory definition of "in public," it must be distinguished from statutes which do contain such definitions. In *Ridley v. State*, 176 Ga. App. 669, 337 S.E.2d 382 (1985), a conviction for public drunkenness was upheld under a statute which defined "public place" as "any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household," and where there was evidence that the defendant was intoxicated in the front yard of the residence. Without such a statutory definition, this interpretation of "public place" is without support under Virginia law.

This Court understands the "in public" element of the offense to be synonymous with "in a public place."

While there is some division of authority concerning exactly what constitutes a public place for purposes of statutes concerning public drunkenness, the majority view is that, particularly in the absence of an express statutory definition, a public place is a place where the public has a right to do and to be. *Stateham v. State*, 95 Okla. Cr. 232, 243 P.2d 743 (1952); *Byrom v. State*, 126 Tex. Cr. 640, 73 S.W.2d 854 (1934); *Ellis v. Archer*, 38 S.D. 285, 161 N.W. 192 (1917). It does not include all places where people may be congregated, as for example, a private residence where a social party is given, with or without invitation. *Pugh v. State*, 55 Tex. Cr. 462, 117 S.W. 817 (1909); *State v. Tincher*, 21 Ind. App. 142, 51 N.E. 943 (1898).

This matter arose when the owner of the property requested the police to remove those persons, including the accused, who were wrongfully present on his property without authorization. Clearly, the accused was not "where the public had a right to be." Unauthorized presence on private property, even by large groups of people, does not render that property public. Accordingly, the defendant will be found not guilty.