PEOPLE v MARSHALL

OPINION OF THE COURT

1. CRIMINAL LAW—AUTOMOBILES—FELONIOUS DRIVING—WORDS AND PHRASES—STATUTES.

Felonious driving is the reckless or negligent driving of a vehicle upon a highway resulting in crippling injury (MCLA 752.191; MSA 28.661).

2. CRIMINAL LAW—AUTOMOBILES—EVIDENCE—INTOXICATION—FELONIOUS DRIVING.

Testimony indicating that the defendant appeared to be intoxicated immediately after the occurrence of the accident upon which a felonious driving charge is grounded is admissible (1) where intoxication is part of the res gestae, (2) where such testimony aids in determining whether the defendant has driven recklessly or carelessly, and (3) where such evidence is relevant in determining whether defendant proceeded in the face of a known danger.

3. EVIDENCE—RELEVANCY—TRIAL COURT'S DISCRETION.

Determinations regarding the relevancy of evidence are discretionary with the trial judge.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 262, 263 *et seq.*
Statute prohibiting reckless driving: definiteness and certainty. 12 ALR2d 580.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 938.
Admissibility as res gestae of statements or exclamations relating to cause of, or responsibility for, motor vehicle accident. 53 ALR2d 1245.

[3] 29 Am Jur 2d, Evidence §§ 249, 251 *et seq.*

[4, 6, 7] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1022, 1034. 75 Am Jur 2d, Trial § 710 *et seq.*

[5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 349 *et seq.,* 353 *et seq.*
73 Am Jur 2d, Statutes § 300.

Dissent by M. F. Cavanagh, J.

4. Criminal Law—Automobiles—Instructions to Jury—Felonious
   Driving—Negligence—Statutes.

   *It is prejudicial error for a trial court to instruct a jury that they could find a defendant guilty of felonious driving even if his conduct was not found to have been reckless, wilful, or wanton, where the clear import of the instruction is to permit the jury to find the defendant guilty upon a finding of mere negligence (MCLA 752.191; MSA 28.661).*

5. Automobiles—Negligent Drivers—Crippling Injury—Felony—
   Legislative Intent.

   *The Legislature did not intend that every negligent driver who causes a crippling injury be subject to conviction of a felony.*

6. Criminal Law—Automobiles—Reckless Driving—Felonious
   Driving—Statutes.

   *The elements of the reckless driving statute can reasonably be interpreted to include ordinary negligence; however, the courts have interpreted the reckless driving and felonious driving statutes to require wilful and wanton misconduct (MCLA 257.626, 752.191; MSA 9.2326, 28.661).*

7. Criminal Law—Automobiles—Reckless Driving—Ordinary
   Negligence—Simple Negligence—Statutes.

   *The reckless driving statute requires more than ordinary negligence to constitute a violation; the statute's requirement that the conduct endanger or be likely to endanger any person or property indicates the intention to make the statute applicable only if the conduct was more culpable than that embraced in simple negligence.*

Appeal from Ingham, James T. Kallman, J. Submitted December 14, 1976, at Lansing. (Docket No. 27194.) Decided March 30, 1977.

James C. Marshall, Jr., was convicted of felonious driving. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lee W. Atkinson,* Chief Appellate Attorney, for the people.

*Dunnings and Canady, P. C.,* for defendant.

Before: J. H. GILLIS, P. J., and M. F. CAVANAGH and D. E. HOLBROOK, Jr., JJ.

J. H. GILLIS, P. J. Defendant was convicted by a jury of felonious driving. MCLA 752.191; MSA 28.661. His sentence consisted of two years probation and 20 weekends in jail plus $360 costs, a $250 fine and license revocation.

The testimony at trial established that on November 10–11, 1974 defendant had worked the afternoon shift at Fisher Body in Lansing. He left work at about 4:30 a.m. after working about 11-1/2 hours. Defendant then went to a fellow worker's home where he and two co-workers chatted and shared some whiskey amounting to two drinks apiece. Defendant and one of the men left at about 6:30 a.m. to go out for breakfast. Defendant followed his co-worker to the restaurant. They were traveling northbound on a five-lane highway. The co-worker's car turned left from the center lane into the parking lot of the restaurant. Subsequently, defendant turned left whereupon the victim, driving a motorcycle, collided with defendant's car. The victim was thrown off of his motorcycle and landed near the parking area of a bank. He was severly injured.

The victim stated that he was traveling southbound and from 2-1/2 blocks away he saw the first car turn into the restaurant parking lot. He continued traveling southbound to a point in front of the restaurant where the second car (defendant's car) turned in front of him and the collision occurred.

Defendant testified that he turned immediately after his co-worker turned and that he did not see

the motorcycle. The co-worker stated that he heard the crash after he had parked his car.

Much of the trial testimony centered around defendant's behavior after the accident. The prosecution produced witnesses who testified that defendant appeared intoxicated and that he did not pass the balance tests administered by the police at the scene. Defendant stated that the two drinks had no effect upon his driving.

Defendant contends that evidence of his intoxication was irrelevant as it concerned events subsequent to the driving in question and also that the people failed to adduce sufficient evidence to support a conviction of felonious driving. The two issues presented overlap considerably for once it is established what constitutes felonious driving, *i.e.,* what evidence is sufficient to support a conviction, then it becomes clear as to which evidence is relevant.

We define felonious driving as the reckless or negligent driving of a vehicle upon a highway resulting in crippling injury.[1] The statute provides:

---

[1] Defendant contends that felonious driving is reckless driving plus crippling injury.

The reckless driving statute as amended reads:

"(a) Any person who drives any vehicle upon a highway or a frozen public lake, stream or pond or other place open to the general public, including any area designated for the parking of motor vehicles, within this state, in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving.

"(b) Every person convicted of reckless driving shall be punished by imprisonment in the county or municipal jail for a period of not more than 90 days or by a fine of not more than $100.00, or by both." MCLA 257.626; MSA 9.2326.

Felonious driving contains the additional phrase "without due caution and circumspection and at a speed or in a manner so as to endanger or likely to endanger any person or property * * * ." We interpret this to mean ordinary negligence. *Ex parte Chernosky,* 153 Tex Crim 52; 217 SW2d 673 (1949). We reject the interpretation that ordinary negligence cannot support criminal liability. Negligent driving resulting in death supports criminal liability, MCLA 750.324; MSA 28.556, and the same has been held constitutional, *People v*

"Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand [1,000] dollars or to imprisonment in the state prison not exceeding two [2] years or by both fine and imprisonment in the discretion of the court." MCLA 752.191; MSA 28.661.

The statute focuses on the result of the defendant's actions rather than on the nature of the actions. In other words, it is possible that two individuals could engage in identical conduct but yet receive different penalties by virtue of the fact that the results differed. Injury oriented penalties are not infant to our law. To illustrate, we reiterate a well-known and perhaps overused law school example. If A hits B in the nose and B suffers no physical injury, A could be charged with battery. Yet, if C hit D, a hemophiliac, in the nose and D bled to death as a result, C could be charged with involuntary manslaughter.

We find that in the instant case the evidence presented was sufficient to sustain a conviction of felonious driving. The injury is not disputed. It is therefore only necessary that the evidence support either negligent or reckless driving.

The evidence supports a finding that defendant failed to yield a right of way to the oncoming motorist. The jury could find that this occurred for

_McMurchy_, 249 Mich 147; 228 NW 723 (1930). We are troubled by the fact that negligent homicide is a high misdemeanor while felonious driving is a felony. However, the penalties are not inconsistent and we presently invite the Legislature to review these provisions.

a variety of reasons. For example, the possible effect of alcohol on defendant's driving or the failure to keep a proper lookout. The jury could also find that defendant, by driving under the influence, made a conscious choice that was in disregard of the safety of others. Whatever the reason, the evidence supports the jury's verdict.

Defendant contends that evidence of intoxication is irrelevant to the charged offense in this case. He directs us to cases in other jurisdictions that hold intoxication alone is insufficient to support a finding of reckless driving. These cases do not however stand for the proposition that evidence of intoxication is inadmissible. Aside from the well established rule that relevancy determinations are discretionary with the trial judge and additionally that in the instant case intoxication was part of the res gestae, *People v Campbell,* 30 Mich App 43; 186 NW2d 49 (1971), there are additional reasons for its admissibility. Such evidence is properly considered in making a determination of whether one has driven recklessly or carelessly. In this case we have an accident which resulted in severe injury. Alcohol possibly had a large effect on defendant's perception and additionally is relevant in determining whether defendant proceeded in the face of a known danger.

Affirmed.

D. E. Holbrook, Jr., J., concurred.

M. F. Cavanagh, J. *(dissenting).* The defendant was charged with the crime of felonious driving, MCLA 752.191; MSA 28.661. Over the objection of defense counsel, the trial court instructed the jury that they could find the defendant guilty even if his conduct was not found to have been reckless, wilful, or wanton. The clear import of the instruc-

tion was to permit the jury to find the defendant
guilty upon a finding of mere negligence. *People v
Ames,* 60 Mich App 168; 230 NW2d 360 (1975),
seems to interpret the felonious driving statute as
requiring something less than wilful or wanton
conduct. That case, however, was attempting to
explain why a verdict of guilty of negligent homi-
cide was not necessarily inconsistent with one of
felonious driving. The rationale was that the
phrase, "but not wilfully or wantonly", in the
negligent homicide statute simply lessened the
degree of conduct necessary for conviction. It
clearly does not mean that one who drives wilfully
and wantonly *cannot* be guilty of negligent homi-
cide. I am also convinced that the Legislature did
not intend that a negligent driver who causes a
crippling injury be subject to conviction of a fel-
ony.

When the felonious driving statute was enacted
in 1931 PA 214, much of its language was taken
verbatim from the reckless driving statute then
already in existence, 1927 PA 318, § 4.[1] The Legis-
lature clearly sought to punish reckless drivers
who caused crippling injuries in a manner far
more serious than the penalty required of those
convicted of mere reckless driving. While the ele-
ments of the reckless driving statute could reason-
ably be interpreted to include ordinary negligence,
the courts and the contemporary commentary in-
terpreted the reckless driving and felonious driv-
ing statutes to require wilful and wanton miscon-
duct. 2 U Det L J 51 (1932), OAG, 1941–1942, No

---

[1] 1927 PA 318, § 4 provided:

"Any person who drives any vehicle upon a highway carelessly and
heedlessly in wilful or wanton disregard of the rights or safety of
others, or without due caution and circumspection and at a speed or
in a manner so as to endanger or be likely to endanger any person or
property, shall be guilty of reckless driving and upon conviction shall
be punished as provided in section fifty-five of this act."

20286, p 203. Nothing has occurred since enactment of the felonious driving statute to change that interpretation.[2]

In several other jurisdictions which possess reckless driving statutes essentially the same as the language in our felonious driving statute and original reckless driving statute, the courts have construed the statutes to require a finding of at least gross, culpable negligence. *State v Sisneros,* 42 NM 500; 82 P2d 274 (1938), *State v Roberson,* 240 NC 745; 83 SE2d 798 (1954), *State v Tjaden,* 69 NW2d 272 (ND, 1955), *Commonwealth v Forrey,* 172 PA Super 65; 92 A2d 233 (1952), *State v Rossman,* 64 SD 532; 268 NW 702 (1936). I agree with the Oregon Supreme Court:

"That part of the reckless driving statute which reads 'or without due caution or circumspection and at a speed or in a manner so as to endanger or be likely to endanger any other person or property' could be construed to describe simple negligence. *Neessen v Armstrong,* 1931, 213 Iowa 378, 239 N.W. 56, 57; *Barkley v State,* 1932, 165 Tenn. 309, 54 SW2d 944; *Kirk v State,* Ala. App. 1950, 47 So. 2d 283. However, we agree with those courts which regard the reckless driving statute as requiring more than ordinary negligence to constitute a violation. The statutory requirement that the conduct endanger or be likely to endanger any person or property indicates the intention to make the statute applicable only if the conduct was more culpable than

---

[2] By 1965 PA 262, § 1, the reckless driving statute, was amended into two sections: MCLA 257.626; MSA 9.2326 continued the punishment of 90 days in jail or $100 fine upon conviction of reckless driving, while MCLA 257.626b; MSA 9.2326(2) added the punishment of 10 days in jail or $100 fine upon conviction of careless or negligent driving. The felonious driving statute's language was left unchanged. Had the Legislature thought that the reckless driving statute encompassed careless or negligent driving, there would have been no reason to add the new section. Moreover, failure to similarly amend the felonious driving statute is persuasive of the Legislature's acquiescence in the original interpretation of the felonious driving statute to require proof of reckless misconduct.

that embraced in simple negligence." *State v Wilcox,* 216 Or 110, 122; 337 P2d 797, 802 (1959).

Whether or not there was sufficient evidence to find the defendant guilty of reckless or grossly negligent driving which caused a crippling injury, the trial court's instruction was prejudicial error. I would reverse.