PEOPLE v CHATTERTON

Docket No. 47649. Submitted June 18, 1980, at Lansing.—Decided
   December 3, 1980. Leave to appeal applied for.

   James C. Chatterton was bound over for trial by an examining
   magistrate following a preliminary examination on a charge of
   felonious driving. He moved to quash the information on the
   grounds that a finding of ordinary negligence was insufficient to
   sustain the charge. Oakland Circuit Court, Alice L. Gilbert, J.,
   granted defendant's motion. The people appeal. *Held:*

      Where a crippling injury results from a motor vehicle acci-
   dent something more than ordinary negligence must be shown
   to warrant a charge under the felonious driving statute. The
   circuit court properly granted the defendant's motion to quash
   the information.

      Affirmed.

      D. E. HOLBROOK, JR., J., dissented. He would hold that a
   charge under the felonious driving statute can be sustained
   upon a finding of negligent driving of a vehicle on a highway
   which results in a crippling injury. He would reverse.

OPINION OF THE COURT

1. CRIMINAL LAW — AUTOMOBILES — FELONIOUS DRIVING — ORDI-
      NARY NEGLIGENCE — STATUTES.
   Something more than ordinary negligence must be shown to
   warrant charging a defendant under the felonious driving
   statute where a crippling injury results from an auto accident
   (MCL 752.191; MSA 28.661).

DISSENT BY D. E. HOLBROOK, JR., J.

2. CRIMINAL LAW — AUTOMOBILES — FELONIOUS DRIVING — NEGLI-
      GENCE — STATUTES.
   *Felonious driving is the reckless or negligent driving of a vehicle*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7A Am Jur 2d, Automobiles and Highway Traffic § 314.
   21 Am Jur 2d, Criminal Law § 84.
   What amounts to reckless driving of motor vehicle within statute
   making such a criminal offense. 52 ALR2d 1337.

upon a highway, resulting in crippling injury (MCL 752.191; MSA 28.661).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davison,* Assistant Prosecuting Attorney, for the people.

*Rabette & O'Dea, P.C.,* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-BROOK, JR. and J. H. PIERCEY,* JJ.

J. H. PIERCEY, J. On November 27, 1978, a pickup truck driven by defendant slid across the center lane of a slippery section of a five-lane highway and collided with an oncoming vehicle, seriously injuring an occupant of that vehicle. Defendant was subsequently charged with felonious driving, contrary to MCL 752.191; MSA 28.661, which provides:

"Every person who drives any vehicle upon a highway carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death, shall be guilty of the offense of felonious driving and upon conviction thereof shall be sentenced to pay a fine not exceeding one thousand [1,000] dollars or to imprisonment in the state prison not exceeding two [2] years or by both fine and imprisonment in the discretion of the court."

Testimony at the preliminary examination established that defendant was guilty of, at most,

* Circuit judge, sitting on the Court of Appeals by assignment.

ordinary negligence in the collision. The parties stipulated for examination purposes that the victim's injuries were crippling within the meaning of the statute. The examining magistrate bound defendant over for trial, but the circuit judge granted defendant's motion to quash the information on the ground that a finding of ordinary negligence did not satisfy the statutory requirement that driving be "without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property". Plaintiff appeals from the order quashing the information.

We agree with the circuit judge that there must be a showing of something more than ordinary negligence resulting in crippling injury to warrant a charge under the felonious driving statute. In support of this premise we adopt the well-reasoned dissenting opinion by Judge M. F. CAVANAGH in *People v Marshall,* 74 Mich App 523, 528-531; 255 NW2d 351 (1977).

Affirmed.

M. F. CAVANAGH, P.J., concurred.

D. E. HOLBROOK, JR., J. *(dissenting).* I dissent for the reasons set forth in Judge GILLIS's majority opinion in *People v Marshall,* 74 Mich App 523; 255 NW2d 351 (1977), in which I concurred.