PEOPLE v DICKENS

Docket No. 77912. Submitted December 10, 1984, at Lansing.—Decided July 1, 1985. Leave to appeal applied for.

David M. Dickens entered pleas of nolo contendere in Bay Circuit Court to charges of negligent homicide, operating a vehicle under the influence of liquor, and driving while his license was revoked. He was sentenced to five years' probation, the first year of which was to be spent in the county jail, on the negligent homicide conviction and to two 90-day sentences, to run concurrently with the one-year sentence, on the other two convictions, William J. Caprathe, J. Defendant appeals. *Held:*

1. Defendant's double jeopardy rights were violated by the court's accepting the nolo contendere pleas to the driving under the influence of liquor charge and the negligent homicide charge. The fact that defendant was driving under the influence was an essential element in proving negligence on defendant's part, thus the driving under the influence charge was necessarily a lesser included offense of negligent homicide. Defendant's conviction and sentence on the driving under the influence charge is set aside.

2. The trial court did not abuse its discretion in preventing

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Criminal Law §§ 266-284.

Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lessor offense. 15 ALR4th 118.

[3] Am Jur 2d, Criminal Law §§ 567-579.

See the annotations in the ALR3d/4th Quick Index under Pardon, Parole, or Probation § 2.

[4] Am Jur 2d, Criminal Law §§ 266-284, 567-579.

See the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

[5] Am Jur 2d, Criminal Law § 278.

See the annotations in the ALR3d/4th Quick Index under Former Jeopardy.

[6] Am Jur 2d, Automobiles and Highway Traffic §§ 133, 296-311.

Reckless driving as lessor included offense of driving while intoxicated or similar charge. 10 ALR4th 1252.

defendant from driving for a period of five years as one condition of his probation.

3. Defendant's arguments that it was unlawful for the trial court to sentence him to serve five years' probation as part of his sentence and that the five-year probation must be reduced are rejected. The five-year limit on probation applies here. With the exception of defendant's conviction and sentence for the driving under the influence charge, which were vacated, defendant's convictions and sentences are affirmed.

Affirmed in part and reversed in part.

S. C. GARDNER, J., concurred with the results reached by the majority but wrote separately to state his disagreement as to the majority's reasoning on two of the issues. Judge GARDNER would hold that driving under the influence is neither a lesser included nor cognate offense of negligent homicide nor an element of negligent homicide, but that defendant could not have been found guilty and sentenced on both counts since neither offense involves criminal intent, both occurred during the same episode, and both statutes were enacted to prevent similar harm to the public. Judge GARDNER also pointed out that, while a court does not have the power to revoke or suspend a driver's license for either of the charges of which defendant stands convicted, it may prohibit a defendant from driving and may obtain possession of the defendant's driver's license as a condition of probation. Thus, it was not unlawful for the court to prevent defendant from driving as a condition of probation.

### Opinion of the Court

1. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — LESSER INCLUDED OFFENSES.

The prohibition against double jeopardy is not violated where conviction on each offense requires proof of a fact which the other does not, according to the statutory elements of each offense; a double jeopardy claim may be based on a greater and necessarily lesser included offense as charged and proven where the offenses are sufficiently distinct (US Const, Ams V, XIV; Const 1963, art 1, § 15).

2. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — COGNATE OFFENSES — NECESSARILY INCLUDED OFFENSES.

The Michigan test for double jeopardy focuses on the facts of the particular case and proscribes multiple convictions of cognate as well as necessarily included offenses (Const 1963, art 1, § 15).

3. CRIMINAL LAW — PROBATION.

A court may impose conditions of probation not specified by the probation statute (MCL 771.3[4]; MSA 28.1133[4]).

4. CRIMINAL LAW — SENTENCING — PROBATION — FELONY — MISDEMEANOR.

A crime carrying a two-year maximum sentence, even if such crime is statutorily designated as a misdemeanor for the purpose of the Penal Code, is statutorily treated as a felony for the purpose of the Code of Criminal Procedure; a term of probation imposed upon conviction of such crime is subject to the five-year limitation for felonies contained in the Code of Criminal Procedure (MCL 761.1[g], 771.2; MSA 28.843[g], 28.1132).

CONCURRENCE BY S. C. GARDNER, J.

5. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE CRIMES — SAME TRANSACTION TEST.

*The test for establishing whether crimes not involving criminal intent arise out of the same transaction for double jeopardy purposes is whether the offenses are part of the same criminal episode and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil.*

6. CRIMINAL LAW — DRIVING UNDER INFLUENCE OF LIQUOR — NEGLIGENT HOMICIDE — PROBATION — DRIVER'S LICENSES.

*A court does not have the power to revoke or suspend a driver's license for driving under the influence of liquor or for negligent homicide; only the secretary of state is empowered to do so; however, a court is empowered to prohibit a defendant from driving as a condition of probation and may require and obtain possession of an operator's license as a lawful condition of probation (MCL 257.319[1], 257.625[4]; MSA 9.2019[1], 9.2325[4]; OAG, 1970, No 4454, p 124 [March 30, 1970]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: Beasley, P.J., and R. B. Burns and S. C. Gardner,* JJ.

Beasley, P.J. Defendant, David Michael Dickens, pled nolo contendere to three counts, one of negligent homicide, MCL 750.324; MSA 28.556, one of operating a vehicle under the influence of liquor, MCL 257.625; MSA 9.2325, and one of driving while license revoked, MCL 257.904; MSA 9.2604. These nolo contendere pleas were made pursuant to an agreement in which two other counts were dismissed. After being sentenced to five years' probation, with one year of that to be spent in the county jail, on the negligent homicide charge and the two 90-day sentences on the other two charges, to run concurrently with the one year sentence, defendant appeals as of right.

First, defendant claims that the double jeopardy provision of the constitution is violated by taking nolo contendere pleas to negligent homicide and to operating a motor vehicle while under the influence of intoxicating liquor based on essentially the same facts and that, therefore, the conviction for driving under the influence of liquor should be set aside.

In this case, defendant waived preliminary examination. Consequently, the only facts before the trial court were the information and police reports furnished to the trial judge as a factual basis for the nolo contendere pleas.

Both the United States and Michigan Constitutions contain prohibitions against double jeopardy.[1] The federal test was stated by the United States Supreme Court as follows in *Blockburger v United States:*[2]

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] US Const, Am V and Am XIV; Const 1963, art 1, § 15.

[2] 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

"Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

Thus, the prohibition against double jeopardy is not violated when conviction on each offense requires proof of a fact which the other does not, according to the statutory elements of each offense.

MCL 750.324; MSA 28.556 describes the elements of negligent homicide:

"Any person who, by the operation of any vehicle upon any highway or upon any other property, public or private, at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than 2 years or by a fine of not more than $2,000.00, or by both such fine and imprisonment."

Driving under the influence of alcohol is not per se a statutory element of negligent homicide. Thus, under a strict *Blockburger* analysis, the two offenses are distinct. However, the Supreme Court recognized in *Harris v Oklahoma*[3] that a double jeopardy claim may be based on a greater and necessarily lesser included offense as charged and proven, versus relying only on the statutory elements of an offense. While that case involved successive prosecutions and not, as here, nolo contendere pleas to both charges, we believe that the *Harris* analysis applies to the within case.

While negligent homicide does not always in-

---

[3] 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977).

clude proof of driving under the influence of alcohol, in this case DUIL was charged as part of and was essential to proving the negligence element of negligent homicide. The combined evidence of driving under the influence and excessive speed provided the basis for the circuit court's finding of negligence. Therefore, we conclude that the offenses are not sufficiently distinct as charged and proven to prevent double jeopardy from attaching.

The Michigan standard for double jeopardy has been stated by the Supreme Court in *People v Carter*[4] as follows:

" 'For purposes of the double jeopardy analysis, as a matter of state constitutional law, the question is not whether the challenged lesser offense is by definition necessarily included within the greater offense also charged, but whether, on the facts of the case at issue, it is.' *People v Jankowski, supra,* 408 Mich 91.

"Of course, in focusing upon the facts, a court must nevertheless still take account of the elements of the offense. *People v Wilder,* 411 Mich 328, 348-349, fn 10; 308 NW2d 112 (1981).

"In addition, Michigan has an expansive definition of necessarily included offenses for double jeopardy and other purposes:

" 'The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. * * * This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of "cognate" or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence "cognate" in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher

[4] 415 Mich 558, 583-584; 330 NW2d 314 (1982), *reh den* 417 Mich 1105 (1983).

offense.' (Citation omitted.) *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975).

"The fact that a lesser offense contains an element not also contained in the greater does not necessarily preclude the lesser from being included within the greater. The major factor is notice to the defendant; if the relation between the lesser offense and that originally charged is close enough to fairly inform the defendant that he will be required to defend against it, the lesser offense may be included within the greater. Further, cognate offenses include common statutory purposes as well as common elements; and, the shared elements must be related to those purposes, *i.e.,* 'coincide in the harm to the societal interest to be protected'. *Ora Jones,* p 390.

"Thus, in contrast to the test used in the federal system, the Michigan test for double jeopardy focuses on the facts of the particular case and proscribes multiple convictions of cognate as well as necessarily included offenses." (Footnote omitted.)

In *People v Jankowski,*[5] the Supreme Court found that conviction of a cognate lesser included offense merged with conviction of the greater offense. In the instant case, it is apparent that as proven the DUIL charge was necessarily a lesser included offense of negligent homicide. The statutes in question do not clearly indicate an intention by the Legislature to punish for the offenses of DUIL and negligent homicide where, as here, DUIL is an essential element in proving negligence. Therefore, we set aside defendant's conviction and sentence for the DUIL charge. Defendant did not waive his right against double jeopardy by his nolo contendere plea.[6]

Defendant's second argument is that the condition of probation preventing defendant from driv-

[5] 408 Mich 79; 289 NW2d 674 (1980).

[6] *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *reh den* 396 Mich 992 (1976), *cert den* 429 US 951 (1976).

ing for five years is unlawful and that this term must be reduced to the two-year statutory maximum for license revocation or suspension provided by MCL 257.625(4); MSA 9.2325(4) as punishment for driving under the influence.

MCL 257.319(1); MSA 9.2019(1) also provides for a two-year maximum license suspension for the offense of negligent homicide. However, a court may impose conditions of probation not specified by the probation statute, MCL 771.3; MSA 28.1133, as indicated by that statute's residual clause:

"(4) The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper."

The prosecution argues that the trial court in this case had the discretion to suspend defendant's license for a greater period of time than the two-year maximum permitted the secretary of state by statute. In *Detroit v Del Rio*,[7] this Court upheld the trial court's condition that defendant would not be permitted to drive a vehicle during his six-month probationary term. We held that the suspension was a valid exercise of discretion by the trial judge in prescribing "other lawful conditions" of probation. This Court rejected the argument that the trial court's power to impose such a condition was preempted by the provisions of the Michigan Vehicle Code providing for the revocation or suspension of drivers licenses through several different procedures and following various specified events. We find that the suspension of defendant's license during his five years' probation was not an abuse of discretion in the instant case.

Defendant's third issue is moot, as the circuit court amended its order of probation by an order

[7] 10 Mich App 617, 619-623; 157 NW2d 324 (1968).

issued October 22, 1984, which permits the defendant to earn "good time".

Defendant's fourth argument is that it was unlawful for the court to sentence him to serve five years' probation as part of his sentence, because it subjects him to punishment in excess of the two 90-day maximum sentences he received for DUIL and driving on a revoked license. We agree that, for the one charge, the trial court could not impose a sentence greater than the maximum permitted for driving on a revoked license by acting under the general probation statute. However, defendant's argument ignores the fact that he pled nolo contendere to, and was sentenced for, three charges. While we have vacated the DUIL charge and sentence as a violation of defendant's right against double jeopardy, his convictions and sentences for the other two charges stand. That, as explained below, provides the basis for the sentence of five years' probation.

Defendant's final argument is that his five-year probation must be reduced to the two-year maximum authorized by statute as sentence for a misdemeanor.[8] MCL 750.324; MSA 28.556 defines negligent homicide as a misdemeanor. However, as this Court stated in *People v Reuther:*[9]

"There is no merit to defendant's argument that the trial court lacked authority to impose a period of probation in excess of two years. Although the crime to which defendant pled guilty is labeled a two-year misdemeanor, the determination of whether it is a misdemeanor or a felony for purposes of the limitations on length of probation in MCL 771.2; MSA 28.1132 is governed by MCL 761.1(g); MSA 28.843(g), *People v Stiles,* 99 Mich App 116, 121; 297 NW2d 631 (1980). Since the allowable maximum sentence exceeds one

[8] MCL 771.2(1); MSA 28.1132(1).

[9] 107 Mich App 349, 352-353; 309 NW2d 256 (1981).

year, the crime in question is a felony and the five-year limit on probation applies."

We, therefore, affirm the five-year probation portion of defendant's sentence for negligent homicide. With the exception of defendant's conviction and sentence for the DUIL charge, which we have vacated, defendant's convictions and sentences are affirmed.

Affirmed in part and reversed in part.

R. B. Burns, J., concurred.

S. C. Gardner, J. *(concurring)*. I concur with the results reached by Judge Beasley but write separately. I do not concur with the reasoning on two issues. As stated by Judge Beasley, DUIL is not a lesser included or cognate offense of negligent homicide nor is DUIL an element of negligent homicide. Even so, defendant could not have been found guilty and sentenced on both counts.

The Michigan Supreme Court in *Crampton v 54-A District Judge,* 397 Mich 489, 502; 245 NW2d 28 (1976), established a criterion for double jeopardy in prosecutions for multiple charges growing from the same transaction or episode.

"Where one or more of the offenses does not involve criminal intent, the criterion is whether the offenses are part of the same criminal episode, and whether the offenses involve laws intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil." (Footnote omitted.)

Applying this criterion to the charges against this defendant, neither DUIL, *Crampton, supra,* nor negligent homicide involve criminal intent. (MCL

750.324; MSA 28.556, not wilfully or wantonly.) Both offenses occurred during the same episode and both statutes were enacted to prevent similar harm to the public.

In discussing DUIL the Court in *Crampton, supra,* said the purpose of the DUIL law is to protect the traveling public against danger from drivers not in control of themselves. From the reading of the negligent homicide statute it is obvious it was enacted for the same purpose. It would be double jeopardy to bring defendant to trial and sentence him on both charges.

As a clarification on revoking or suspending defendant's driver's license, a court does not have the power to revoke or suspend a driver's license for either charge; only the Secretary of State can do that. The pertinent portion of the statute covering driving under the influence, MCL 257.625(4); MSA 9.2325(4), states "the court shall order the secretary of state to suspend * * *". For negligent homicide the penalty is found in MCL 257.319(1); MSA 9.2019(1), "[t]he secretary of state shall immediately suspend". Even though a court is not empowered to revoke or suspend a driver's license, the court is empowered to prohibit a defendant from driving as a condition of probation. *Detroit v Del Rio,* 10 Mich App 617; 157 NW2d 324 (1968). A court may require and obtain possession of an operator's license as a lawful condition of probation and, in doing so, does not infringe upon the exclusive statutory authority of the department of state to suspend or revoke an operator's license. OAG, 1970, No 4454, p 124 (March 30, 1970). It was not unlawful for the court to prevent defendant from driving as a condition of probation.

On the remaining issues I concur in both results and reasoning.