## PEOPLE v CRAWFORD

Docket No. 116135. Submitted May 10, 1990, at Grand Rapids. Decided February 4, 1991, at 9:25 A.M.

Jack T. Crawford was convicted of felonious driving and of operating a vehicle while under the influence of intoxicating liquor following a jury trial in the Kent Circuit Court, Donald A. Johnson, J. The defendant was also convicted by a jury of being a second-felony offender. The defendant appealed.

The Court of Appeals *held:*

Conviction both of felonious driving and of operating a vehicle while under the influence of intoxicating liquor as a result of the same incident does not violate the double jeopardy prohibition against multiple punishment for the same offense. Although the statutes proscribing these offenses are related, they are sufficiently distinct in purpose to permit separate and multiple punishment.

1. While the Double Jeopardy Clauses of the federal and state constitutions protect against multiple punishment for the same offense, cumulative punishment of the same conduct under two different statutes in a single trial does not violate these protections where the Legislature intended to create separate offenses, separately punishable, and each offense includes an element that the other does not. Operating a vehicle while under the influence of intoxicating liquor is proved without regard to the defendant's motive or intent or to the results of the defendant's conduct. While felonious driving shares the common element of operating a vehicle on a highway, it is a crime against a person which focuses on both the culpable nature of the defendant's actions and the resultant harm. This is not a situation in which one statute incorporates most of the elements of the other and then provides an increased penalty. The offenses do not form a hierarchy in which felonious driving is proved by showing an aggravating factor

REFERENCES

Am Jur 2d, Criminal Law §§ 277, 279.

See the Index to Annotations under Automobiles and Highway Traffic; Double Jeopardy; Driving While Intoxicated; Reckless Driving.

beyond the elements of operating a vehicle while under the influence of liquor. Finally, the legislative intent to authorize separate conviction and punishment is shown by the types and amounts of punishment set forth in the statutes.

2. A review of the transcript of the conviction which formed the basis of the second-felony offender charge reveals that the defendant was advised of his constitutional rights and indicated an understanding of those rights. Accordingly, the defendant may not collaterally attack the conviction. The trial court properly denied the defendant's motion to quash the supplemental information.

3. Because the defendant failed to object in the trial court to the jury instructions and failed on appeal to show that manifest injustice would result from a failure to review those instructions, appellate review of the defendant's claim that the trial court did not sufficiently instruct the jury regarding the burden of proof in the habitual offender trial is precluded.

4. While it was error to admit testimony concerning hearsay statements of a passenger in the defendant's vehicle, the testimony was cumulative, and the error was harmless.

5. A remark in the prosecution's closing argument appealing to civic duty was relatively innocuous, and any prejudice could have been cured by an instruction had one been requested.

Affirmed.

NEFF, P.J., dissenting, stated that conviction and punishment of both offenses in this case violate double jeopardy protection. The Legislature did not intend multiple punishment in circumstances such as in this case. Proof of the defendant's intoxication was the sole proof of negligence supporting the felonious driving conviction. The same proof formed the basis of the conviction of driving while intoxicated. The two statutes prohibit violations of the same social norm. Reversal of the conviction of operating a vehicle while under the influence of liquor is required. While the prosecutor's civic-duty argument is not sufficient for reversal, it clearly was improper and impermissible.

CRIMINAL LAW — DOUBLE JEOPARDY — FELONIOUS DRIVING — DRIVING WHILE INTOXICATED.

Conviction both of operating a vehicle while under the influence of intoxicating liquor and of felonious driving as a result of the same incident does not violate the double jeopardy prohibition against multiple punishment (MCL 257.625, 752.191; MSA 9.2325, 28.661).

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*Jeffrey P. Kirchhoff,* for the defendant.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

MURPHY, J. Following a jury trial, defendant was convicted of felonious driving, MCL 752.191; MSA 28.661, and of operating a vehicle while under the influence of intoxicating liquor, MCL 257.625; MSA 9.2325. Defendant was also convicted by a jury of being a second-felony offender, MCL 769.10; MSA 28.1082. Defendant was sentenced to two to three years' imprisonment for the felonious driving conviction, and he received a ninety-day sentence for the OUIL conviction. Defendant appeals as of right. We affirm.

I

Defendant first contends that the trial court erred in failing to quash the supplemental information. Defendant seeks to collaterally attack his 1978 guilty plea and argues that the trial court erred when it denied his motion to quash the supplemental information.

A conviction which is defective under *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), can be challenged by a timely motion by the defendant to quash the supplemental information or to strike from the supplemental information the defective conviction. *People v Crawford,* 417 Mich 607, 613; 339 NW2d 630 (1983). In order to meet constitutional requirements for acceptance of a guilty plea, the defendant must waive his rights to a jury trial, to confront witnesses, and against self-incrimination, and the record must show that the defendant

was informed of each of these rights. *Jaworski,
supra,* 28-29; *People v Nydam,* 165 Mich App 476,
478; 419 NW2d 417 (1987). Collateral attack of a
prior guilty plea is limited to felony convictions
where the constitutional requirements of *Jaworski*
were not met. *Crawford, supra,* 613; *People v
Schneider,* 171 Mich App 82, 87; 429 NW2d 845
(1988); *Nydam, supra,* 478.

A review of the plea transcript shows that defen-
dant was advised of the rights identified in *Jawor-
ski* and acknowledged his understanding of each of
those rights. Accordingly, defendant may not col-
laterally attack his 1978 guilty plea.

II

Defendant next contends that his conviction of
and punishment both for OUIL and felonious driv-
ing constitute double jeopardy in violation of the
state and federal constitutions, US Const, Am V;
Const 1963, art 1, § 15. We disagree.

The Double Jeopardy Clauses of the Michigan
and United States Constitutions consist of three
separate protections. First, the state is prohibited
from seeking a second prosecution for the same
offense after acquittal. Second, the state is prohib-
ited from seeking a second prosecution for the
same offense after conviction. Third, the state is
prohibited from imposing multiple punishment for
the same offense. *People v Sturgis,* 427 Mich 392,
398-399; 397 NW2d 783 (1986); *People v Wakeford,*
418 Mich 95, 103; 341 NW2d 68 (1983).

The protection against multiple punishment for
the same offense is designed to insure that the
courts impose sentences within the limits set by
the Legislature. *Sturgis, supra,* 399. The scope of
the protection is determined by the definition of
"same offense." *Id.* The Legislature may authorize

penalties for what would otherwise be the same offense. *Id.*, 403. Cumulative punishment of the same conduct under two different statutes in a single trial does not violate the Double Jeopardy Clause. *Id.*

Defendant argues that his convictions of OUIL and felonious driving constitute multiple punishment of the same offense because, under the facts of his case in which proof of his intoxication was also the sole proof of negligence, OUIL was a necessarily included lesser offense of felonious driving. Defendant relies on *People v Dickens,* 144 Mich App 49; 373 NW2d 241 (1985), in which this Court held that a defendant could not be convicted of both OUIL and negligent homicide, MCL 750.324; MSA 28.556, where the evidence that the defendant had operated a vehicle under the influence of liquor was essential to proving the negligence element of the negligent homicide charge.

However, in *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984), our Supreme Court rejected the so-called actual-evidence or factual double jeopardy test applied by this Court in *Dickens.* The present test for double jeopardy in a "multiple punishment for the same offense" situation is to determine the intent of the Legislature. *Sturgis, supra,* 405; *Robideau.* When two statutes prohibit violations of the same social norm, even if in a somewhat different manner, it may be concluded that the Legislature did not intend multiple punishment. *Robideau, supra,* 487. On the other hand, statutes prohibiting conduct that violates distinct social norms can generally be viewed as separate and as permitting multiple punishment. The key is to identify the type of harm the Legislature intended to prevent.

In the past, this Court has stated, without elaboration, that the statutes prohibiting OUIL and felo-

nious driving are "intended to prevent the same or similar harm or evil, not a substantially different, or a very different kind of, harm or evil." *People v Stewart,* 138 Mich App 629, 636; 361 NW2d 16 (1984). Nevertheless, we conclude that the statutes at issue in this case, although related, are sufficiently distinct in purpose to permit separate and multiple punishment.

The language of a statute may indicate a legislative intent to create a series of offenses prohibiting different phases of conduct, with a separate penalty for each. However, legislative intent may sometimes appear from language creating a hierarchy of offenses, depending on the presence or observance of certain aggravating factors. The former structure is indicative of legislative intent to create separate offenses which are separately punishable; the latter structure indicates an intent to permit only a single appropriate offense and conviction. *Sturgis, supra,* 407. Our Supreme Court has rejected the rule articulated in *Blockberger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), as a conclusive test. It has, nevertheless, approved the test as a helpful tool in determining whether there are two offenses or only one. *Sturgis, supra,* 409. By asking whether two separate statutes each include an element the other does not, we may determine whether the Legislature manifested an intent to serve two different interests in enacting each statute. *Id.*

The OUIL statute, MCL 257.625; MSA 9.2325, is a provision of the Vehicle Code which prohibits a person who is under the influence of liquor or whose blood-alcohol level is 0.10 percent or greater from operating a motor vehicle on a highway or other places open to the public, including parking lots. The offense is proved without regard to the defendant's motive or intent, *People v Raisanen,*

114 Mich App 840; 319 NW2d 693 (1982), or to the results of his conduct. A defendant may be convicted of OUIL even if he is observed driving in a normal fashion. *People v Walters,* 160 Mich App 396, 402-403; 407 NW2d 662 (1987). Thus, OUIL is a status crime which focuses only on the fact that the defendant operates an automobile while he is intoxicated.

Felonious driving, MCL 752.191; MSA 28.661, a provision of the penal code, prohibits a person from driving a vehicle upon the highway "carelessly and heedlessly in wilful and wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property and thereby injuring so as to cripple any person, but not causing death." Felonious driving shares with OUIL the common element of operating a vehicle upon the highway. However, while the defendant's intent is irrelevant to the offense of OUIL, a defendant must have a culpable state of mind to be guilty of felonious driving. *People v Ames,* 60 Mich App 168, 171; 230 NW2d 360 (1975). To show that a defendant acted in wilful and wanton disregard of safety, something more than ordinary negligence must be proved. *People v Chatterton,* 102 Mich App 248; 301 NW2d 490 (1980). But see *People v Marshall,* 74 Mich App 523; 255 NW2d 351 (1977). Moreover, the defendant's culpable conduct must cause a crippling injury to another person. Felonious driving is a crime against a person which focuses on both the culpable nature of the defendant's actions and the resultant harm.

This clearly is not a case in which "one statute incorporates most of the elements of a base statute and then increases the penalty as compared to the base statute." *Robideau, supra,* 487. The only com-

mon element shared by felonious driving and OUIL is the operation of a vehicle upon the highway. However, felonious driving does not require proof of intoxication, nor are negligence or a crippling injury necessary elements of OUIL. The offenses, therefore, do not form a hierarchy in which the greater offense of felonious driving is proved by a showing of some aggravating factor beyond the elements of OUIL.

The most significant indicator of a legislative intent to authorize separate conviction and punishment for both OUIL and felonious driving is the types and amounts of punishment set forth in the statutes themselves. Felonious driving is a two-year felony. OUIL is a misdemeanor, punishable by ninety days in jail or a fine of not less than $100 or more than $500, or both. Moreover, the OUIL statute mandates that a person convicted of OUIL shall have his driver's license suspended for a period of six months to two years. MCL 257.625(4); MSA 9.2325(4). Additionally, the Legislature has provided sentence enhancement provisions for repeat offenders: Upon a second OUIL conviction, the defendant may be sentenced to one year in prison or a $1,000 fine, or both, and his driver's license must be revoked, MCL 257.625(5); MSA 9.2325(5); the defendant's third OUIL offense is a felony, MCL 257.625(6); MSA 9.2325(6); finally, the sentencing court may order a convicted OUIL offender to perform community service and to participate in substance abuse rehabilitation programs, MCL 257.625(7), (8); MSA 9.2325(7), (8).

Felonious driving is an offense under the Penal Code aimed at punishing the wilfully and wantonly reckless driver who causes a crippling injury to another person. By contrast, the OUIL statute, while admittedly punitive in nature, also clearly shows a remedial legislative goal of preventing

future occurrences of drunk driving by rehabilitating the offender and by keeping him off the road through suspension and revocation of his driver's license. To us, it is contrary to the legislative intent underlying the OUIL statute to hold that a person, such as the defendant in the present case, who commits the offense of felonious driving when he is under the influence of liquor cannot also be convicted and sentenced for OUIL. Such a holding would result in the defendant not being subject to sentence enhancement for repeat OUIL offenses until he had committed at least two other OUIL offenses. Thus, the prosecutor would be forced to choose between charging the OUIL offense to preserve the possibility of sentence enhancement in the future or charging the felonious driving for the crippling injury to another person. Moreover, the legislative goal of protecting the public and rehabilitating the drunk driver would be thwarted because, although a defendant convicted only of felonious driving could be sentenced to prison, he could, nevertheless, retain his driver's license and would not necessarily be ordered to participate in substance abuse counseling.

We conclude that the structure of the OUIL statute shows a legislative intent to separately punish the offense of OUIL.

III

Defendant next contends that the trial court did not sufficiently instruct the jury regarding the burden of proof in defendant's habitual offender trial. However, defendant failed to object to the instructions given and has waived this issue for appeal absent manifest injustice. MCR 2.516(C); *People v Watkins,* 178 Mich App 439, 450; 444 NW2d 201 (1989). Manifest injustice will not result from our failure to address this issue.

IV

Defendant also contends that the trial court erred by allowing into evidence a hearsay statement made by defendant's passenger that concerned defendant's whereabouts earlier in the evening of the offense.

Detective Geerlings testified that defendant's passenger had told him shortly after the accident that the two had been celebrating earlier in the evening and that defendant had remained silent. The testimony was admitted over defendant's objection, apparently as an adoptive admission by defendant pursuant to MRE 801(d)(2)(B). *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), prohibits the use of adoptive admissions in criminal trials, and the prosecution concedes that it was error to allow this testimony. However, because the erroneously admitted testimony was cumulative of other properly admitted evidence, the error was harmless. *People v Dixon,* 161 Mich App 388, 396; 411 NW2d 760 (1987).

V

Defendant finally contends that he was denied a fair trial because the prosecutor, in his closing arguments, made an improper civic-duty argument. During closing arguments, the prosecutor stated:

> If you drive while intoxicated, that has to show gross negligence. Think of all that you heard, all that you read. There have been movies. There have been articles in the newspapers always about the dangers of drunk driving. There are seminars taught on it. Everyone knows about the dangers of drunk driving. When you think of drunk driving, do you not think of the potential dangers in-

volved? No one can say at this point—not with the
awareness you have now—but to get into a car
and drive on the road while intoxicated is not a
potentially dangerous situation.

\*   \*   \*

And accident is the wrong word. I apologize.
Collision.

You just don't have that. You have the scientific
evidence, the .17, and it confirms all of our worst
fears and, for that reason, I'm asking you to bring
back a verdict of guilty on both charges. I'm
asking you because justice demands it, because it
is the right thing to do.

We note that defendant failed to object to these
remarks by the prosecutor. Accordingly, appellate
review is precluded unless the prejudicial effect
could not have been cured by a cautionary instruc-
tion and failure to consider the issue would result
in a miscarriage of justice. *People v Marji,* 180
Mich App 525, 537; 447 NW2d 835 (1989). After
reviewing the record, we conclude that there has
been no miscarriage of justice.

The majority of these remarks are proper argu-
ment which urged the jury to reach a finding of
"more than ordinary negligence" on the basis of
the evidence and their own common sense and
experience. Only the last sentence may possibly be
construed as an appeal to civic duty. Such argu-
ments are generally condemned because they in-
ject issues into the trial that are broader than a
defendant's guilt or innocence of the charges and
because they encourage the jurors to suspend their
own powers of judgment. *People v Wright (On
Remand),* 99 Mich App 801, 809; 298 NW2d 857
(1980). However, we find this remark to have been
relatively innocuous for a civic-duty argument and
any resultant prejudice could have been cured had
an instruction been requested. Moreover, the evi-

dence against defendant was strong. Therefore, we do not find this remark to be grounds for reversal. *People v Swartz,* 171 Mich App 364, 373-374; 429 NW2d 905 (1988).

Affirmed.

MAHER, J., concurred.

NEFF, P.J. *(dissenting).* I respectfully dissent from § II of the majority opinion in this case because I believe that conviction of and punishment for both OUIL and felonious driving on the facts of this case constitute double jeopardy in violation of the state and federal constitutions, US Const, Am V; Const 1963, art 1, § 15.

As noted in the majority opinion, proof of defendant's intoxication was the sole proof of negligence supporting the felonious driving conviction. Quite obviously, the same proof formed the basis of the OUIL conviction. In my view, those facts point inexorably to the conclusion that the two statutes involved prohibit violations of the same social norm, although in a different manner. On that basis, I conclude that the Legislature did not intend multiple punishment on these facts. *People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984).

The statutes involved in this case prohibit violations of the same social norm. *People v Stewart,* 138 Mich App 629, 636; 361 NW2d 16 (1984). The OUIL statute focuses on the danger to the public created by driving while intoxicated. The felonious driving statute punishes the actual causation of crippling injury to an individual as a result of something more than ordinary negligence. *People v Chatterton,* 102 Mich App 248, 250; 301 NW2d 490 (1980), aff'd 411 Mich 867 (1981). Thus, the felonious driving statute focuses on *both* the result of the defendant's actions and, like the OUIL statute, on the nature of his actions.

Where, as here, the showing of something more than ordinary negligence is made solely because the defendant was driving while intoxicated, the two statutes prohibit violations of the same social norm. I believe that the Legislature did not intend multiple punishment in this situation, and, accordingly, I would reverse defendant's OUIL conviction. *People v Jankowski,* 408 Mich 79, 96; 289 NW2d 674 (1980); *People v Martin,* 398 Mich 303, 313; 247 NW2d 303 (1976).

I join in the remainder of the majority opinion with the exception of the discussion in § V concerning certain portions of the closing argument of the prosecutor. While I agree that the remarks quoted are not sufficient grounds on which to base reversal, I conclude that the prosecutor's arguments amounted to an appeal to emotionalism which injected into the trial issues greater than the guilt or innocence of this defendant and encouraged the jurors to suspend their own powers of judgment. I believe that the remarks as quoted clearly constituted an improper civic-duty argument and, therefore, were impermissible. *People v Wright (On Remand),* 99 Mich App 801, 809; 298 NW2d 857 (1980).