# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRYANT DEMOND VAUGHN, II,

        Defendant-Appellant.

UNPUBLISHED
June 28, 2016

No. 326954
Kent Circuit Court
LC No. 14-009942-FH

Before: STEPHENS, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

Defendant, Bryant Vaughn, II, appeals as of right his bench trial convictions of assault by strangulation, MCL 750.84(1)(b), and domestic assault, MCL 750.81(2). The trial court sentenced defendant as a second-offense habitual offender to 5 to 15 years' imprisonment for assault by strangulation and to time served for domestic assault. We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion.

This case arises from an incident in which defendant strangulated and repeatedly hit the victim, with whom he lived and had a dating relationship. On appeal, defendant first argues that he was denied the right to a fair trial when the prosecutor improperly argued facts not in evidence by stating during rebuttal with regard to the victim's bruising that "[t]he neck area doesn't require the same force as a bruising on the arm. It's not going to necessarily lead to bruising. It's a softer skin." "Issues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). "Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). A prosecutor "is free to argue the evidence and all reasonable inferences arising from it," *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007), and may respond to issues raised by the defense, *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). However, a prosecutor may not argue facts not in evidence. *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).

Defendant was not denied his right to a fair trial, because the prosecutor's statement during rebuttal was not improper and directly responded to issues raised by the defense. Defense counsel argued in closing that one would expect to see bruising on a person's neck if she were strangled the way the victim testified she was strangled. Defense counsel returned to this line of argument again, claiming that "one would expect—not expect, but would demand to see some type of marking on the neck. There's nothing." In response, during rebuttal, the prosecutor made the challenged statement regarding the force necessary to cause bruising on a person's neck. The prosecutor's statement amounted to nothing more than an appeal to the fact-finder, in this case the trial court, to apply its common sense and experience regarding how a neck might bruise, and as such, it was not improper. *People v Crawford*, 187 Mich App 344, 354; 467 NW2d 818 (1991). In addition, a prosecutor's comments are to be evaluated in light of defense arguments, *Dobek*, 274 Mich App at 64, and here, defense counsel made arguments regarding whether the neck of a person who was strangled would be bruised by the strangling. The prosecutor's appeal to the court's common sense and experience fairly responded to defense counsel's own attempt to do the same, only arguing for an opposing conclusion. *Brown*, 279 Mich App at 135. Regardless, even if we concluded that the argument was improper, there was no prejudice. This was a bench trial, and "[a] judge, unlike a juror, possesses an understanding of the law which allows him to ignore such errors and to decide a case based solely on the evidence properly admitted at trial." *People v Taylor*, 245 Mich App 293, 305; 628 NW2d 55 (2001) (citation and quotation marks omitted).

Defendant also argues on appeal that the trial court abused its discretion by scoring 50 points for Offense Variable (OV) 7, because his conduct did not rise to the extreme level of torture, sadism, or brutality that OV 7 was meant to punish. Defendant objected to the scoring of OV 7 at sentencing, thereby preserving the issue for appeal. MCL 769.34(10); *People v Gibbs*, 299 Mich App 473, 491; 830 NW2d 821 (2013). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

According to MCL 777.37, a score of 50 points should be given for OV 7 (aggravated physical abuse) if "[a] victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). "[I]t is proper to assess points under OV 7 for conduct that was intended to make a victim's fear or anxiety greater by a considerable amount." *Hardy*, 494 Mich at 441. "[A] defendant's conduct does not have to be "similarly egregious" to "sadism, torture, or excessive brutality" for OV 7 to be scored at 50 points, and . . . absent an express statutory prohibition, courts may consider circumstances inherently present in the crime when scoring OV 7." *Id*. at 443. In determining whether a score 50 points for OV 7 is appropriate, "[t]he relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id*. at 443-444.

In this case, the record supports that defendant engaged in conduct beyond the minimum required to commit assault by strangulation, and that the conduct was intended to make the victim's fear or anxiety greater by a considerable amount. A person commits assault by strangulation if he assaults someone by "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(1)(b); MCL 750.84(2). Multiple acts by defendant exceeded these minimum requirements for assault by strangulation. The victim testified that defendant not only intentionally impeded her normal breathing and circulation of the blood by applying pressure to her neck, but he did so forcefully enough and long enough that she lost consciousness. When she regained consciousness, defendant was still choking her, at which time his choking became "harder and worse." She tried to resist and scream for help, and defendant told her to "shut up you white bitch. We run this shit." When she screamed, "I can't breathe, I can't breathe," defendant responded "You can breathe if you can talk," and kept choking her. Defendant degraded the victim during the incident and referred to her in a number of profane ways. The victim testified that defendant choked her for 10 to 20 minutes, and she believed he was going to kill her.[1] The trial court properly concluded that a preponderance of the evidence supported that defendant's conduct was intended to make the victim's fear or anxiety greater by a considerable amount. Thus, the trial court did not err by scoring OV 7 at 50 points. See *Hardy*, 494 Mich at 445 (finding that the trial court correctly scored 50 points for OV 7 when the defendant racked a shotgun during a carjacking, because that action was designed to substantially increase the victim's fear).

Finally, defendant argues, and the prosecution concedes, that he is entitled to remand procedures as described in *People v Lockridge*, 498 Mich 358; 870 NW2d 205 (2015), because the scoring of OV 7 was based on judicially found facts. It is true that the scoring of OV 7 was based on judicially found facts, and that defendant's minimum sentence range under the sentencing guidelines would have changed without that scoring. Thus, "the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id*. at 397. On remand, the trial court must follow the *Crosby*[2] remand procedure as explained in *Lockridge*, which means that the trial court must first allow defendant the opportunity to inform the court that he will not seek resentencing. *Lockridge*, 498 Mich at 398. If defendant does not so notify the court in a timely manner, then "the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant." *Id*. Furthermore, the trial court should consider only the circumstances that existed at the time of the original sentence in determining whether it would have imposed a materially different sentence but for the unconstitutional constraint. *Id*.

---

[1] The victim testified that defendant told her wanted to kill her, and that he only let her go because she has a daughter. For purposes of scoring OV 7, it is not clear from the record that he told her he wanted to kill her during the choking episode such that this remark could be considered an attempt to increase the victim's fear and anxiety during the offense.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher